1

2

3

4

5

6

7

8

9          **UNITED STATES DISTRICT COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA**

11

12  LISA SUZANNE GRIMM,                    Case No.:  CV 14-07277 RAO

13                    Plaintiff,

14          v.                             **MEMORANDUM  OPINION  AND
                                            ORDER**
15  CAROLYN W. COLVIN,
    Acting Commissioner of the Social
16  Security Administration,

17                    Defendant.

18

19  **I.      SUMMARY OF RULING**

20          Plaintiff Lisa Suzanne Grimm ("Plaintiff") challenges the denial of her

21  application for disability insurance benefits ("DIB") and Supplemental Security

22  Income ("SSI").  The Administrative Law Judge ("ALJ") found that Plaintiff could

23  perform work that exists in the national economy and, therefore, is not disabled.

24  (Administrative Record ("AR") 27-28).

25          Plaintiff contends that the ALJ erred in relying on the testimony of a

26  vocational expert that was inconsistent with the Dictionary of Occupational Titles

27  ("DOT").  For the reasons discussed below, this Court finds that Plaintiff's claim

28  has merit.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.   PLAINTIFF'S CONDITIONS AND PROCEEDINGS BELOW

On December 6 and 23, 2011, Plaintiff applied for DIB and SSI based on a variety of physical ailments.  (See AR 153-163).  After an administrative hearing, the ALJ found that Plaintiff's bilateral carpal tunnel syndrome and epicondylitis of the elbows, degenerative changes and stenosis at multiple levels of the cervical spine, low back pain, and status post partial meniscectomy and chondroplasty of the left knee constituted "severe impairments" under federal regulations but were not severe enough to medically equal a listing.  (AR 20-21).

Thereafter, the ALJ studied and assigned varying weight to the opinions of a psychologist, a state agency psychiatric consultant, an orthopedist, an orthopedic surgeon, and an osteopathic doctor who had reviewed Plaintiff's case in connection with an ongoing workers compensation claim.  (AR 20-25).  Ultimately, the ALJ found that Plaintiff's medically determinable impairments could have reasonably been expected to cause her alleged symptoms.  (AR 22).  However, he also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of her symptoms were not entirely credible.[1]  (AR 18, 20-22).  As a result, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with certain limitations.  (AR 21).  Specifically, the ALJ found that Plaintiff could:

> [L]ift and carry 20 pounds occasionally, 10 pounds frequently, standing and walking for 6 hours in an 8-hour workday, sitting for 6

---

[1] When making the credibility finding, the ALJ pointed to Plaintiff's inconsistent statements, her previous conviction for defrauding the estate of a relative, misrepresentations about her background to the state agency examining psychiatric consultant, her ability to dance and ride a bicycle, evidence of medical noncompliance, refusal to undergo recommended carpal tunnel release surgery, and medical opinions which indicated that Plaintiff was capable of some sort of work. (See AR 25).

hours.  The claimant may engage in occasional postural activity and frequent handling, fingering, and general reaching.  She has no other significant limitations *except she is precluded from overhead reaching*.

(AR 21) (emphasis added).  Taking into consideration these restrictions, the ALJ determined that Plaintiff was not capable of performing past relevant work as waitress, cook's helper, or server and bartender as they are generally performed in the national economy.  (AR 26).  Based on these restrictions, as well as the testimony of a vocational expert, the ALJ ultimately determined that Plaintiff was capable of performing work as a sales attendant, production assembler, or cashier II as those jobs are generally performed in the national economy.  (AR 27).  Consequently, the ALJ concluded that Plaintiff was not disabled and thus, not entitled to benefits.  (AR 22-23). [2]

## III.   ISSUE PRESENTED

Whether the ALJ's determination that Plaintiff could perform work as a sales attendant, production assembler, or cashier II is supported by substantial evidence in the record.  (Plaintiff's Memorandum in Support of Complaint ("Pl's. Compl.") 3-10).

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standard was applied. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001).  Substantial evidence is more than a mere scintilla but less than a preponderance.  Id. at 459.  Substantial evidence is "relevant evidence which a reasonable person might accept as adequate

---

[2] Ultimately the ALJ rendered a partially favorable decision, finding that Plaintiff became disabled on August 16, 2012, when her age category changed.  (AR 18, 27-28).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

to support a conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). To determine whether substantial evidence supports a finding, a court must "consider the record as a whole, weighing both evidence that supports and detracts from the [ALJ's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).

A court must uphold the ALJ's conclusion even if the evidence in the record is susceptible to more than one rational interpretation. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999) (citing Andrews v. Shalala, 53 F.3d 1035, 1040-41 (9th Cir. 1995)); see Mayes, 276 F.3d at 459. If the evidence can reasonably support either affirming or reversing the ALJ's decision, "the court may not substitute its judgment for that of the ALJ." Aukland, 257 F.3d at 1035 (citation omitted). The court has the authority to affirm, modify, or reverse the ALJ's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g). Remand is appropriate where additional proceedings would remedy the defects in the ALJ's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

## V.    DISCUSSION

### A.    Pertinent Law

The Social Security statute and implementing regulations establish a five-step sequential process to evaluate disability claims. 20 C.F.R. § 404.1520 (a)-(f); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999). At step five, the Commissioner has the burden to "identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [her] identified limitations." Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995); 20 C.F.R. § 416.920(g).

//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The ALJ first assesses a claimant's residual functional capacity ("RFC"), defined as the most that a claimant can do despite physical and mental limitations caused by her impairments and related symptoms. 20 C.F.R. § 416.945. The ALJ then considers potential occupations that the claimant may be able to perform, relying on the DOT. See 20 C.F.R. §§ 416.966, 416.969. The DOT serves as a "primary source of reliable job information," regarding jobs that exist in the national economy. Johnson, 60 F.3d at 1434 n.6 (citations omitted); see also 20 C.F.R. § 4.1566(d)(1). In addition to the DOT, the ALJ may rely on the testimony of a vocational expert ("VE") to determine which occupations the claimant can perform in light of her residual functional capacity. 20 C.F.R. § 416.966(e).

When a VE provides evidence about the requirements of a claimant's past job, the ALJ has "an affirmative responsibility to ask about any possible conflict" between the VE's testimony and information provided in the DOT, and to obtain a reasonable explanation for the conflict. Policy Interpretation Ruling: Titles II & XVI: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info. in Disability Decisions, Social Security Ruling ("SSR") 00-4p (S.S.A. Dec. 4, 2000), 2000 WL 1898704, at *4. When there is an apparent conflict between the VE's testimony and the DOT, the ALJ is required to reconcile the inconsistency. See Massachi v. Astrue, 486 F.3d 1149, 1153-54 (9th Cir. 2007). The ALJ must ask the expert to explain the conflict and "then determine whether the vocational expert's explanation for the conflict is reasonable" before relying on the expert's testimony to reach a disability determination. Id.; see also SSR 00-4p, 2000 WL 1898704, at *4. Evidence sufficient to support a deviation from the DOT may be either specific findings of fact regarding plaintiff's ability to perform particular jobs, or inferences drawn from the context of the expert's testimony. See Light v. Soc. Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997).

//

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The ALJ's failure to resolve an apparent inconsistency leaves the court with a gap in the record that precludes determination of whether the ALJ's decision is supported by substantial evidence.  See Zavalin v. Colvin, 778 F.3d 842, 846 (9th Cir. 2015); Massachi, 486 F.3d at 1154 (stating that "we cannot determine whether the ALJ properly relied on the [VE's] testimony" due to unresolved occupational evidence).

**B.    Analysis**

At step five of the sequential analysis, the ALJ concluded that Plaintiff could perform work as a sales associate, production assembler, or cashier II.  (AR 27). Plaintiff contends that this determination is not supported by substantial evidence in the record.  (Pl's. Compl. 3-10).  It is not supported, Plaintiff argues, because the ALJ's RFC assessment totally precluded overhead reaching, the VE testified that Plaintiff could perform work that the DOT indicates requires frequent reaching, and the ALJ failed to "solicit[] sufficient explanation to allow for a deviation from the DOT."  (Id. at 4-6).  The Court agrees. [3]

At the hearing, the ALJ presented the VE with a hypothetical individual sharing the same RFC as Plaintiff:

> Q:    All right.  I would like you to consider a hypothetical
> individual ranging in age from 50 to 55 years who has a high school
> education and some college.  And for the purpose of this hypothetical,
> relevant work experience [as a waitress, cook's helper, and server and

[3] Plaintiff also asserts, in her preliminary statement, that the ALJ "failed to properly consider the medical opinion of Dr. Roth."  (Pl's Compl. 3).  However, Plaintiff offers no argument to support this conclusory assertion.  Even so, the ALJ properly considered Dr. Roth's opinion.  The ALJ generally accepted Dr. Roth's assessment, found him to be the most objective and impartial source of medical information, and found his opinions "consistent with, and well supported by the medical record." (AR 22).

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

bartender] as you described.  I would like you to assume further that this individual is limited to a range of light work as follows, can occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk about six hours in an eight-hour workday with normal breaks; can sit for about six hours in an eight-hour workday with normal breaks.

The hypothetical individual should no more than occasionally climb ramps, stairs, ladders, ropes, scaffolds, balance, stoop, kneel, crouch, crawl.  The individual is limited to frequent handling and fingering with both upper extremities and also frequent reaching.

Just with these limitations alone, could such a hypothetical individual perform any past relevant work.

A:     Not as performed.  The limitation to light work would prevent that.

Q:     How about as generally performed?

A:     As generally performed, as identified in the DOT, this person could do all the jobs, eliminating the [hybrid waitress/cook's helper] job at Three Corners.

Q:     Okay.  Now if I were to add the following, the individual should be performing no overhead work to the prior hypothetical, would that affect the ability either, oh, as – I mean, is that addressed in the DOT?

A:     It's not directly addressed in the DOT, no, but based on a description of the tasks involved –

Q:     Yes.

A:     -- I believe that would eliminate that job because there is overhead reaching.

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Q:      Would there be other work at the light level that falls
within the parameters of this hypothetical question?

A:      I believe so.  Let me give you examples.  One such job
that would meet this profile would be sales attendant, DOT 299.677-
010, light, unskilled work, SVP 2, with approximately 1,500,000 in the
national labor market, 57,000 in the local.  A second would be a
production assembler, 706.687-010, also light, unskilled work, SVP 2,
approximately 24,000 jobs in the national labor market, 1,000 in the
local economy.

A third would be a cashier, Roman numeral II, DOT 211.462-
010, light, unskilled work, SVP 2, with approximately 1,300,000 jobs
in the national labor market, 47,000 in the Los Angeles labor market.

Q:      Is your testimony consistent with the Dictionary of
Occupational Titles and its companion volumes?

A:      Yes.

Q:      Now, these are unskilled jobs you just named?

A:      Yes.

Q:      All right.

(AR 61-63).  In accordance with this exchange, the ALJ's opinion states that
"[p]ursuant to SSR-00-4p, I have determined that [the VE]'s testimony is consistent
with the information contained in the Dictionary of Occupational Titles."  (AR 27).

Though not addressed by the VE or raised by the ALJ, the VE's testimony is
not consistent with the DOT.  The hypothetical person presented to the VE,
consistent with Plaintiff's RFC, "should be performing no overhead work."  (AR
62). "Reaching," within the meaning of the DOT, is defined as "[e]xtending
hand(s) and arm(s) in *any direction*," and therefore encompasses overhead

reaching. <u>See</u> Selected Characteristics of Occupations Defined in the DOT, Appendix C (1993) (emphasis added); <u>Mkhitaryan v. Astrue</u>, 2010 WL 1752162, at *3 (C.D. Cal. Apr. 27, 2010) (holding that "reaching" includes overhead reaching in regards to the DOT). The three jobs identified by the VE all require "frequent reaching" according to the DOT. <u>See</u> DOT 299.677-010; DOT 706.687-010; DOT 211.462-010. Therefore the ALJ's determination that the VE's testimony is consistent with the information contained in the DOT is erroneous. <u>See</u> <u>Rounds v. Comm'r of Soc. Sec. Admin.</u>, 795 F.3d 1177, 1183 (9th Cir. 2015) ("Because the ALJ did not recognize the apparent conflict between Rounds' RFC and the demands of Level Two reasoning, the VE did not address whether the conflict could be resolved. As a result, we 'cannot determine whether substantial evidence supports the ALJ's step-five finding.'") (quoting <u>Massachi</u>, 486 F.3d at 1154).

The VE's own testimony confirms the existence of a conflict. When asked if a hypothetical person capable of frequent reaching could work as a waitress, the VE responded in the affirmative. (AR 62). When asked if that person could work as a waitress without overhead work, the VE responded that "that would eliminate that job because there is reaching involved." (AR 62-63). For the same reason, that limitation should also have eliminated the jobs of sales associate, production assembler, and cashier II because they all also involve frequent reaching.

In light of this conflict, the ALJ should have asked the VE to explain why Plaintiff could perform those jobs in spite of her inability to reach overhead. <u>See</u> <u>Zamora v. Astrue</u>, 853 F. Supp. 2d 1048, 1057 (D. Or. 2011) ("Here, the VE testified that the number of electronics production jobs he provided included only sedentary jobs, though the job is classified as light in the DOT. He also testified that, except for the deviations from the DOT that he had indicated, his testimony was consistent with the DOT. The ALJ was entitled to rely on the VE's testimony concerning the numbers of the electronics production jobs in the category he cited

existed at the sedentary level."). Further, because the ALJ adopted the VE's conclusion without addressing the apparent conflict with the DOT, the ALJ provided no explanation for the deviation. This was legal error warranting remand. See Rounds, 795 F.3d at 1184 ("The ALJ's failure to reconcile this apparent conflict was not harmless"); Zavalin, 778 F.3d at 848 (the court cannot affirm an ALJ's decision on grounds not supported by the record).

The Commissioner's argument in defense of the ALJ's decision that "the ALJ properly relied on her expert knowledge and experience to resolve any potential inconsistency" between the Plaintiff's limitations and the DOT's reaching requirements lacks merit. (Defendant's Memorandum in Support of Answer at 5). The failure of the ALJ to ask the VE to explain the conflict and to make a determination as to whether the VE's explanation is reasonable leaves a "gap in the record," leading the Court to conclude that the ALJ's determination is not supported by substantial evidence. Since the ALJ's determination of Plaintiff's RFC included a limitation on over-head reaching, a reasonable explanation for the deviation must demonstrate that other jobs (such as sales associate, production assembler, or cashier II) do not require over-head reaching.

## VI.   CONCLUSION

For the foregoing reasons, the decision of the Commissioner that Plaintiff is not disabled and therefore is not entitled to benefits is REVERSED and this action is REMANDED for further proceedings in accordance with this decision.

DATED: September 18, 2015

*Rozella A. Oliver*

_____
HON. ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

### NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS/NEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**